RUTH BIGELOW, Appellant, *vs.* CHARLES BURNSIDE *et al.* Appellees.

*Opinion filed October 27, 1915.*

1. FENCES—*the ownership, maintenance or control of a division fence is a purely statutory matter.* The ownership, maintenance or control of distinct or separate parts of a division fence by adjoining property owners, and their rights and duties with reference to the same, are purely statutory matters.

2. SAME—*what necessary to render person liable to contribute to repair of division fence.* Under the various provisions of the act relating to fences no person is liable to contribute to the repair or re-building of a division fence until there has first been a finding by fence viewers, legally chosen, that his portion of the fence needs repair or re-building.

3. SAME—*province of fence viewers not limited to apportioning division fences for repair.* The apportioning of certain parts of a division fence to the adjoining owners to be kept in repair is not the only province of fence viewers, as it is clear from the various provisions of the act relating to fences that other questions may be submitted to and decided by them.

4. SAME—*section 11 of act relating to fences construed.* Section 11 of the act relating to fences does not authorize one adjoining owner to repair or re-build another's portion of the division fence and recover the cost thereof unless fence viewers have previously determined that such work is necessary; and this is true even though the portion of the fence which each owner is to maintain has been fixed for many years by agreement.

5. STATUTES—*rule for construing a section of a statute.* A section of a statute should be construed with reference to other sections of the act relating to the same subject, so that, if possible, no clause, sentence or word will be superfluous, void or insignificant.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Knox county; the Hon. R. J. GRIER, Judge, presiding.

R. D. ROBINSON, for appellant.

HARDY, WELSH & HARDY, for appellees.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

Appellant, Ruth Bigelow, and appellees William Clark, Jennie Burnside, Fred Clark and Kate Junker, are the owners of adjoining forty-acre tracts of land in Haw Creek township, Knox county, Illinois. Appellee Salina E. Clark is the mother of the aforementioned appellees, and appellee Charles Burnside is the husband of appellee Jennie Burnside. The division fence between the two forties runs north and south, and it is stipulated that for many years by agreement appellant was to keep in repair the north one-half of said division fence and appellees and their father, from whom they claimed title, were to keep in repair the south one-half of the fence. Appellant caused a written notice bearing date September 1, 1912, to be served upon Charles Burnside, agent, Salina Clark, William Clark, Jennie Burnside and Fred Clark, informing them that if they did not make and maintain their proportion of said division fence (describing the same) within sixty days from the service of the notice, appellant would proceed to make said fence and do the same at the expense of appellees. Soon after the expiration of the sixty days' time mentioned in the notice, appellees not having complied with its request, appellant repaired and re-built the south half of said fence, this being the part it is stipulated was to be kept up by appellees. Thereafter appellant recovered a judgment before a justice of the peace against appellees for the cost of repairing and re-building the fence. Upon appeal to the circuit court that court refused to admit evidence of the condition of the fence repaired or re-built and directed a verdict for appellees, upon which the court, after overruling a motion for a new trial, rendered judgment. Appellant prosecuted an appeal to the Appellate Court for the Second District. The judgment below was affirmed by the Appellate Court and a certificate of importance granted, upon which a further appeal is prosecuted to this court.

It was the view of the trial and Appellate Courts that a land owner could not require an adjoining owner to re-build or repair his proportion of a division fence without the intervention of fence viewers, under the statute. Appellant contends that where, as in this case, the adjoining owners have agreed what part of the division fence each will repair and maintain, the intervention of fence viewers is not required by statute.

The ownership, maintenance or control of distinct or separate parts of a division fence by adjoining property owners, and their rights and duties with reference to the same, are purely statutory. Appellant contends that section 11 of chapter 54 of Hurd's Statutes of 1913, being the chapter on fences, is applicable to and controlling in this case, and that having complied with the same, the circuit court erred in directing a verdict for appellees. Appellees contend section 11 should be construed with reference to the other sections of chapter 54, and that when so construed it clearly appears, before appellant was authorized to give appellees notice to re-build their part or portion of the division fence, it must have first been found and determined by fence viewers such new fence was needed or necessary. Appellees further contend that the notice and service in this case did not comply with section 8 of the act and was therefore insufficient.

Appellant cites and relies upon *McNally* v. *O'Brien*, 88 Ill. 237, to sustain her position that the notice given was a sufficient compliance with the statutory requirements. In that case the defendant, without notice, removed a fence claimed by the plaintiff to be a division fence. The suit was brought to recover damages for its removal and for re-building defendant's half after having given him notice to re-build it. It appears no question was raised in the case except whether the fence was a division fence. The requirements of the statute do not appear to have been raised and were not discussed or passed upon.

The facts in *Thompson* v. *Bulson,* 78 Ill. 277, were so entirely different from those involved in this case that the case is of little value here, except upon the question that all the various sections of the chapter on fences should be considered and construed together.

Other cases cited are, like the cases above referred to, of little or no assistance.

So far as we have been able to learn, section 11 has not been construed with reference to the question here involved, and we shall proceed to construe it with reference to other sections of the act relating to the same subject, so that, if possible, no clause, sentence or word will be superfluous, void or insignificant, but that, if possible, every sentence and word will be given its ordinary meaning and acceptation. *Thompson* v. *Bulson, supra; Crozer* v. *People,* 206 Ill. 464; *Decker* v. *Hughes,* 68 id. 33; *People* v. *Flynn,* 265 id. 414.

Section 1 of chapter 54 of Hurd's Statutes of 1913 provides the town assessor and commissioners of highways, in counties under township organization, shall be *ex-officio* fence viewers in their respective towns, and that the county board shall appoint three persons for each precinct in counties not under township organization. Section 2 defines what shall constitute a legal fence and need not here be noticed. Section 3 provides when two or more persons have lands adjoining, each shall make and maintain a just proportion of the division fence. Section 4 provides that the owner of lands lying open, later enclosing the same, using an adjoining enclosure in so doing, shall refund to the owner of the adjoining lands a just proportion of the value of the division fence at the time of making the enclosure. Section 5 provides the value of the fence and the proportion to be made and maintained by the party so using it in enclosing his land shall be determined by fence viewers. Section 6 is as follows: "If any person neglect to repair or re-build a division fence, or portion thereof, which he ought to maintain, any two fence viewers of the town or precinct,

as the case may be, shall, on complaint by the party aggrieved, after giving due notice to each party, examine such fence, and if they deem the same to be insufficient, they shall so notify the delinquent party, and direct him to repair or re-build the same within such time as they may deem reasonable." Section 7 provides that disputes between owners of adjoining land as to the proportion of the division fence to be maintained by them is to be settled by two fence viewers of the town or precinct. Section 8 provides that when any matters referred to in the preceding sections are referred to fence viewers each party shall choose one, but if one neglect, after eight days' notice in writing, to make such choice, the other party may select both, and for all purposes of notice under the act it shall be sufficient to notify the tenant or person in possession of said adjoining premises when the owner thereof is not a resident of the town in which the fence is situated. Section 9 provides the viewers chosen by the parties shall view the premises, hear the allegations of the parties, and if they cannot agree shall select another fence viewer to act with them, and the decision of any two of them is final as to the parties to the dispute and those holding under them. Section 10 provides the decision of the viewers shall be reduced to writing and filed with the town or county clerk, as the case may be. Section 11 is as follows: "If any person who is liable to contribute to the erection or reparation of a division fence shall neglect or refuse to make or repair his proportion of such fence, the party injured, after giving sixty days' notice, in writing, that a new fence should be erected, or ten days' notice, in writing, that the reparation of such fence is necessary, may make or repair the same at the expense of the party so neglecting or refusing, to be recovered from him, with costs of suit; and the party so neglecting or refusing, after notice in writing, shall be liable to the party injured for all damages which shall thereby accrue, to be determined by any two fence viewers selected as above provided; and the fence viewers

shall reduce their appraisement of damages to writing, and sign the same."

We deem it unnecessary to set out or refer to the remaining ten sections of the chapter on fences, other than hedge, except section 18, which we will hereafter notice.

Appellant contends that section 11, above set out in full, authorized the giving of the notice to appellees to repair or re-build their portion of the fence, since the portion of each adjoining owner had been agreed upon and fixed, assuming the responsibility of proving the necessity for repair or re-building, and that in such case the necessity of such repair or re-building need not be submitted to fence viewers. Reading the different sections of this statute with reference to each other we cannot agree with appellant, but think no person is liable to contribute to the repair or re-building of a division fence until there has first been a finding by fence viewers, legally chosen, that his proportion of the fence needs repair or re-building. It clearly is not the only province of fence viewers to apportion or designate certain parts of a division fence to the adjoining owners, for by sections 6, 8, 10 and 11 it clearly appears other questions may be submitted to and decided by them. Again, by section 18 it is provided that "fence viewers may examine witnesses on any and all questions submitted to them, and either of such fence viewers shall have power to issue subpœnas for, and administer oaths to such witnesses." We think the provisions of section 6 as to the matter of procedure apply to the facts in this case, and that the question of the need of repairs or re-building must first be determined by fence viewers before notice may be given the party in default. Section 11 itself provides: "If any person *who is liable to contribute* to the erection or reparation of a division fence shall neglect or refuse to make or repair his proportion of such fence, the party injured * * * may make or repair the same." Though by agreement or stipulation that part of the division fence each adjacent owner was to keep in

repair was fixed and determined, still, when such repairs were needed or a new fence should be built was a question necessarily left open and one about which the parties might differ. This liability was to be determined by fence viewers, and after being so fixed the party in default might be notified to build or repair, as the case might be, and upon his failure so to do, the work done by the other owner, and the cost of the same, be recovered from the party in default. Appellant failed to comply with the statutory requirements. A finding by fence viewers of the need of repairs or rebuilding is a prerequisite to notice to build.

The view we take of this question renders unnecessary a determination of the sufficiency of the service of notice.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*